**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOSHUA I. TOURKOW**
Tourkow Crell Rosenblatt & Johnston
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT S. GARRETT**
Bowers, Brewer, Garrett & Wiley, LLP
Huntington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD L. SMART, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 35A02-1403-DR-171 |
| | ) | |
| KRISTINA L. SMART, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1205-DR-408

**September 23, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Richard L. Smart ("Husband") appeals the trial court's judgment and division of assets and debts entered following the dissolution of his marriage from Kristina L. Smart ("Wife").

We vacate and remand.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married on June 27, 2009. Husband filed a petition for dissolution of marriage on May 14, 2012. A hearing was held on the petition on November 1, 2013, and the parties submitted proposed division of assets balance sheets. On January 17, 2014, the trial court entered its Dissolution Judgment, which included certain findings, and its division of the marital estate, which the trial court appended to its Judgment as Exhibit 1.[1] The trial court found "no compelling reason not to divide the assets and debts on an equal basis considering the marriage was less than 3 years." *Appellee's App.* at 2.

## DISCUSSION AND DECISION

Husband argues on appeal that the trial court abused its discretion when it divided the couple's marital assets and liabilities. When it divides a marital estate, "first, the trial court determines what property is to be included in the marital pot; second, the trial court must divide the property." *Pitcavage v. Pitcavage*, 11 N.E.3d 547, 565 (Ind. Ct. App. 2014) (quoting *Thompson v. Thompson*, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004), *trans. denied*). The marital pot includes property owned by either spouse before the marriage, property acquired by either spouse in his or her own right after the marriage but before the

---

[1] We note that the copies of Exhibit 1 that Husband included in his Appendix and attached to his Brief included handwritten notes that impeded our review of this case.

final separation, and property acquired by their joint efforts. Ind. Code § 31-15-7-4(a)(1)-(3). The division of the marital pot is subject to a presumption that an equal split is just and reasonable. Ind. Code § 31-15-7-5. An unequal division of the marital pot may be justified by the factors listed in Indiana Code section 31-15-7-5. If a trial court deviates from an equal split, it must state why it did so. *Troyer v. Troyer*, 987 N.E.2d 1130, 1139 (Ind. Ct. App. 2013) (citations omitted), *trans. denied*.

Here, the trial court's judgment deviates from the statutory requirement that all assets and liabilities of the parties acquired before filing must be included in the marital pot. The full value of the home, Wife's savings account containing her tuition reimbursement, Husband's 1923 Ford, and the Kiss tickets must be included in the marital pot. Because the issues may reoccur on remand, we make the following observations: First, the valuation of all of the property of the parties, including the home, must be made as of a date between the date of filing and the date of the final hearing. *Eyler v. Eyler,* 492 N.E.2d 1071, 1074 (Ind. 1986). Second, the entire value of the home, less the mortgage debt thereon, should be included in the marital pot. Finally, we direct the trial court to the fact that it found that Wife caused $1,244.89 worth of damage to Husband's truck, but that it does not appear that the trial court factored that damage into its division of the marital assets. We remand for entry of a judgment that is consistent with the dissolution statute.

Vacated and remanded.

BAKER, J., and ROBB, J., concur.

3